Dear Mr. Sanchez:
This office is in receipt of your request for an opinion of the Attorney General in regard to back supplemental pay set forth in Act 628 of 1997 and considered in Atty. Gen. Op. No. 97-307. You indicate the Firemen's Supplemental Pay Board of Review denied Mr. Mandino supplemental pay benefits for the period in question because in its opinion he had not completed training equal to National Fire Protection Association Standard 1001 (NFPA 1001) as required by R.S. 33:2002. Also, the Fire Chief of the department which employs him did not certify to the Board that the Minden Fire Department Training program was equivalent to NFPA 1001, nor did the Board through its own investigation find the program was equivalent.
Pertinent to your inquiry is Act No. 628 of 1997 providing as follows:
 AN ACT To appropriate funds out of the General Fund of the state of Louisiana for the Fiscal Year 1996-1997 to the Department of Public Safety and Corrections to be credited to the special fund in the state treasury created by R.S. 33:2003 for payment of supplemental salaries to certain fire department personnel, as provided in R.S. 33:2002, for the purpose of paying uncollected back supplemental pay to Tom Guy Mandino of the Minden Fire department, contingent upon certain conditions.
 Be it enacted by the Legislature of Louisiana: Section 1. The sum of One Thousand Three Hundred Twenty-two and no/100 ($1,322.00) Dollars is hereby appropriated out of the General Fund of the state of Louisiana for the Fiscal Year 1996-1997 to the Department of Public Safety and Corrections to be credited to the special fund in the state treasury created by R.S. 33:2003 for payment of supplemental salaries to certain fire department personnel, as provided in R.S. 33:2002, for the purpose of paying uncollected back supplemental pay to Tom Guy Mandino of the Minden Fire Department. Section 2. This Act shall only become effective if, as, and when the attorney general of the state of Louisiana determines that the payment of such supplemental compensation meets the eligibility requirements provided in R.S. 33:2002.
You state that Atty. Gen. Op. No. 97-307 does not conclusively determine whether Mr. Mandino was eligible to receive the supplemental pay for the period he is seeking back pay, and it is not clear if the act suggests that the Board make payment upon the determination of this office, or if the Legislature will make such payment. Accordingly, you ask that the Board be advised as to whether or not Mr. Mandino meets the eligibility requirements for supplemental pay during the period in question.
In Atty. Gen. OP. No. 97-307 this office noted that the Firemen's Supplemental Pay Board of Review determined that Mr. Mandino received his certification from the Louisiana State University Firemen Training Program and was entitled to retroactive supplemental pay from July 20, 1995, and the municipal department's training requirements completed seven months earlier was not found sufficient by the Board for retroactive payment to that date.
This office further stated that it could not make a factual determination that the municipal training program was equivalent to the National Fire Protection Association Standard 1001, recognizing that such a determination would lie with the Board. Support for this conclusion was found in R.S. 33:2009 wherein it provides any question of eligibility to receive additional pay out of the state funds shall be submitted to the board, and "the decision of the board with regard to eligibility shall be final". It was additionally pointed out that the recourse for a person aggrieved by a decision of the Board is judicial review, noting in the opinion that there appears to be a basis for a challenge to the Board's denial of benefits.
At this time this office does not have a basis to state that Mr. Mandino meets the eligibility requirements for supplemental pay for the period before July 20, 1995 inasmuch as the law provides "the decision of the board is final", and this office will not make such a factual determination. Until there is a judicial adjudication to the contrary, this office cannot state that the eligibility requirements are met for payment of such supplemental compensation, and any opinion of this office contrary to the conclusion of the Board will be held in abeyance until there is a ruling by the Board setting aside the determination of the Board.
Accordingly, it cannot be said that Act 628 is effective at this time, and the determination of this office will remain that of the Board until overturned by a court of competent jurisdiction.
We regret we cannot be of further assistance, but suggest Mr. Mandino's recourse is to seek judicial review if not satisfied with the decision of the Board.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR